NOURSE & BOWLES, LLP
Attorneys for Plaintiff
EMERALD WAVE INC.
One Exchange Plaza
At 55 Broadway
New York, NY 10006-3030
(212) 952-6200



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
EMERALD WAVE INC.,

              Plaintiff,

- against -

CKI MINERALS & METALS CO., LTD. and
CHINA KINGDOM INTERNATIONAL
GROUP CO., LTD.,

              Defendants.
------------------------------------------------------------X

JUDGE CROTTY

08 CV 0125

08 Civ.    ( )

**VERIFIED COMPLAINT**

Plaintiff, Emerald Wave Inc. ("Plaintiff"), by its attorneys, Nourse & Bowles, LLP, complaining of the above-named defendants, CKI Minerals & Metals Co., Ltd. ("CKI") and China Kingdom International Group Co., Ltd. ("China Kingdom") (hereinafter collectively referred to as "Defendants"), alleges as follows:

    1.    This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within

the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The court has admiralty jurisdiction under 28 U.S.C. § 1333.

2.  At all material times, Plaintiff was and still is a corporation or other business entity organized and existing under the laws of the Marshall Islands with an office and place of business at Trust Company Complex, Ajeltake Road, Ajeltake Island, Majuro, Marshall Islands MH96960.

3.  Upon information and belief, at all material times, Defendant, CKI was and still is a corporation or other business entity organized and existing under the laws of a foreign country with an office and place of business at 1-29 Bio Dong MP.1 GT International Center, JZA Guomert Wai, Chao Yang District, Beijing 100022, China.

4.  Upon information and belief, at all material times, Defendant, China Kingdom was and still is a corporation or other business entity organized and existing under the laws of a foreign country with an office and place of business at A.29 Building No. 1 G.T. International Center, Tia 3 Yang An Dongli, Jian, Guomer Wai, Chao Yang District, Beijing, 100022 China.

5.  Pursuant to a voyage charter party dated November 7, 2007, Plaintiff as owner, chartered the vessel M/V DD FIDELITY to CKI, as charterer for one voyage (the "Charter"). The Charter provides for resolution

of disputes between the parties by arbitration in London with English law to apply.

6. Plaintiff and the aforesaid vessel have loaded cargo for the voyage and are now duly performing the Charter voyage. The Charter provides that freight is 100% payable less commission within 5 banking days after completion of loading, signing and releasing of bills of lading, against Owner's invoice, and is earned on completion of loading, discountless and non-returnable, vessel loss or not lost. Those conditions were all met but CKI has failed to pay the full amount of freight required to be paid under the Charter. This has resulted in the net amount of $1,680,110.20 freight being due and owing under the Charter by Defendant CKI to Plaintiff, no part of which has been paid although duly demanded. CKI's use of the vessel at the port of loading exceeded the amount of allowed laytime to CKI under the Charter giving rise to demurrage. CKI also failed to load the full Charter quantity of cargo for which deadfreight will be due. Port dues also will be due from Defendants as well as other costs and charges. Said other costs are not yet payable and Plaintiff reserves the right to amend the Verified Complaint to seek additional security for those costs, if unpaid.

7. Defendant CKI has therefore breached its contract with Plaintiff and now owes to Plaintiff the principal amount of $1,680,110.20.

8. In consideration for Plaintiff entering into the Charter with Defendant, CKI, Defendant China Kingdom did undertake and guarantee full performance of the Charter by CKI.

9. Defendant, China Kingdom as guarantor of Defendant, CKI's performance is liable for CKI's breach of contract and as a result is now liable to Plaintiff for the principal amount of $1,680,110.20. Plaintiff reserves the right to amend the Verified Complaint to seek additional security for additional costs due under the Charter if unpaid.

10. This amount of $1,680,110.20 has been invoiced to CKI and no viable defense or grounds for non-payment to this has been offered so that there is now an account stated for said amount.

11. The Charter provides that in the event of a dispute, the parties will arbitrate same in London in accordance with English law. Costs, including attorney's fees and expenses are routinely awarded to the successful party in London arbitration and Plaintiff claims the total of $200,000 representing a reasonable estimate of the likely attorneys' and arbitrators' fees and costs to obtain an arbitration award in London, as may become necessary.

12. Interest is also routinely awarded to the prevailing party in London arbitration on all of the foregoing amounts and Plaintiff claims interest at 5% for a period of two (2) years, or the sum of $168,011.02, the

said period of time being a reasonable estimate for issuance of an award and any necessary confirmation thereof.

13. By reason of the foregoing premises, Defendants now owe Plaintiff the sum of $2,048,121.22 as best as can presently be calculated.

14. Plaintiff reserves the right to amend the Verified Complaint to seek additional security for additional costs due under the Charter, if unpaid.

15. Defendants cannot be found within the district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but the Defendants are believed to have or will have during the pendency of this action, assets within this district consisting of cash, funds, freight, hire or credits including but not limited to electronic fund transfers in the hands of garnishees in this district in the Defendants' names.

WHEREFORE, Plaintiff prays:

    A. That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Complaint;

    B. That, since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court

issue an order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplement Rules for Certain Admiralty and Maritime Claims, attaching all of the Defendants' tangible or intangible property owing or otherwise the property of the Defendants up to the amount of $2,048,121.22 including, inter alia, cash, funds, credits, freight hire or electronic funds transfers going to or coming from the Defendants, in Defendants' names to secure Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Admiralty Rule B, answer the matters alleged in the Complaint.

  C. That such property attached pursuant the Process of Maritime Attachment and Garnishment remain sequestered to serve as security for the payment of Plaintiff's claims;

  D. That, following the attachment of sufficient funds to secure Plaintiff as prayed herein, the action be

stayed pending resolution of the merits of the claim in London in accordance with the governing contract; and

  E. That Plaintiff have such other, further and different relief as may be just and proper.

Dated: New York, New York
   January 7, 2008

     NOURSE & BOWLES, LLP
     Attorneys for Plaintiff
     EMERALD WAVE INC.

     By: _____
      John P. Vayda (JV-0339)
      One Exchange Plaza
      At 55 Broadway
      New York, NY 10006-3030
      (212) 952-6200

STATE OF NEW YORK      )
                       ) ss:
COUNTY OF NEW YORK     )

JOHN P. VAYDA, being duly sworn, deposes and says:

I am a member of the firm of Nourse & Bowles, LLP, attorneys for Plaintiff herein and I have read the foregoing Verified Complaint and know the contents thereof and that the same are true to my own knowledge, except as to the matters herein stated to be alleged on information and belief, and as to those matters I believe them to be true.

The source of my information is documents, records and other information submitted to me on behalf of the Plaintiff.

This verification is made by me because Plaintiff is a foreign corporation.

_____
JOHN P. VAYDA

Sworn to before me this
7 day of January, 2008

_____
Notary Public

MARY T. BANNON
Notary Public, State of New York
No. 01BA4785995
Qualified in New York County
Commission Expires February 28, 2010

8